UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT HAWKINS,<br><br>    Defendant. | No.  2:13-cv-1608-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a request for appointment of counsel.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and his application makes the showing required by § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to the assigned magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  See E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.     Request for Appointment of Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**III.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

1  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

2  a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,

3  129 S. Ct. at 1949.

4  Furthermore, a claim upon which the court can grant relief must have facial plausibility.

5  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

6  content that allows the court to draw the reasonable inference that the defendant is liable for the

7  misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

8  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

9  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

10 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

11 **IV.    Screening Order**

12 The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it

13 must be dismissed with leave to amend for failure to state a claim upon which relief may be

14 granted.  According to the allegations therein, plaintiff required "emergency hospitalization" due

15 to "dylantin [sic] toxicity."  Plaintiff claims that defendant Robert Hawkins, a doctor at Mule

16 Creek State Prison, knew that plaintiff had excessive levels of dilantin in his blood, disregarded

17 warnings of "possible adverse reactions," and ignored plaintiff's "multiple symptoms resulting

18 from the use of dylantin."  ECF No. 1.  Plaintiff alleges that defendant treated him with deliberate

19 indifference.  *Id.*  Given the standards set forth below governing Eighth Amendment deliberate

20 indifference claims, however, plaintiff's allegations are simply too vague and conclusory to state

21 a claim for relief.  To proceed, plaintiff must file an amended complaint.

22 To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

23 constitutional or statutory right; and (2) that the violation was committed by a person acting under

24 the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

25 930, 934 (9th Cir. 2002).

26 An individual defendant is not liable on a civil rights claim unless the facts establish the

27 defendant's personal involvement in the constitutional deprivation or a causal connection between

28 the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

3

1 *Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

2 That is, plaintiff may not sue any official on the theory that the official is liable for the

3 unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

4 (2009).

5 To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

6 plaintiff must establish that he had a serious medical need and that the defendant's response to

7 that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

8 *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to

9 treat the condition could result in further significant injury or the unnecessary and wanton

10 infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial,

11 delay or intentional interference with medical treatment or by the way in which medical care is

12 provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

13 To act with deliberate indifference, a prison official must both be aware of facts from

14 which the inference could be drawn that a substantial risk of serious harm exists, and he must also

15 draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if

16 he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

17 to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate

18 altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,

19 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition,

20 even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

21 *Id.*

22 It is important to differentiate common law negligence claims of malpractice from claims

23 predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

24 In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

25 support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

26 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

27 F.3d 1051, 1057 (9th Cir. 2004).

28 /////

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. See Local Rule 110.

**V.      Conclusion**

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

/////

/////

      2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3.  Plaintiff's request for appointment of counsel (ECF No. 4) is denied.

      4.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  October 15, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE