1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD GREEN,                         No.  2:13-cv-1608-EFB P

12                  Plaintiff,

13          v.                              ORDER DISMISSING ACTION PURSUANT
                                            TO 28 U.S.C. § 1915A(a)
14   ROBERT HAWKINS, et al.,

15                  Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action

18   brought under 42 U.S.C. § 1983.[1]  After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed

19   an amended complaint.

20          Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25   relief."  *Id.* § 1915A(b).

26

27          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  See E.D. Cal. Local
28   Rules, Appx. A, at (k)(4).

                                               1

1   In the amended complaint, plaintiff names Robert Hawkins, Susan Harlan, and J.S.

2   Hermanson as defendants.  ECF No. 9.  He claims that defendant Hawkins is a physician at Mule

3   Creek State Prison who provided him with inadequate medical care.  *Id.* at 2-4.  He claims that he

4   commenced a medical malpractice lawsuit against Hawkins in the Amador County Superior

5   Court, and that the court awarded Hawkins summary judgment.  *Id.*  Plaintiff also alleges that

6   defendants Harlan and Hermanson are judges in the Amador County Superior Court who presided

7   over the action that plaintiff litigated (or is still litigating) against Hawkins in state court.  *Id.* at 2.

8   Plaintiff claims that Harlan improperly denied his request for a medical expert and for

9   appointment of counsel, *id.* at 4-5, and that Hermanson also denied plaintiff's request for

10   appointment of an expert and improperly awarded Hawkins summary judgment, *id.* at 5.  Because

11   this action is duplicative of the medical malpractice case plaintiff initiated in state court, and

12   because defendants Harlan and Hermanson are immune from suit, this action must be dismissed.

13   It is clear from plaintiff's allegations that he is attempting to appeal and/or re-litigate his

14   state court action against Hawkins in this court.  A prisoner's complaint that "merely repeats

15   pending or previously litigated claims," however, is considered frivolous under 28 U.S.C.

16   § 1915A(b)(1).  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).  Moreover,

17   "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent

18   litigation in more than one forum whenever consistent with the right of the parties."  *Crawford v.*

19   *Bell*, 599 F.2d 890, 893 (9th Cir. 1979).  Due to the duplicative nature of this action as to

20   Hawkins, it must be dismissed.  Plaintiff must pursue further relief in the action he initially

21   commenced.

22   In addition, plaintiff may not sue judges Harlan and Hermanson based upon their rulings

23   in plaintiff's lawsuit against Hawkins, as they are entitled to absolute immunity.  "Judges are

24   absolutely immune from damage actions for judicial acts taken within the jurisdiction of their

25   courts . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all

26   jurisdiction or performs an act that is not judicial in nature."  *Schucker v. Rockwood*, 846 F.2d

27   1202, 1204 (9th Cir. 1988) (per curiam).

28   /////

1    For these reasons, plaintiff's complaint must be dismissed.  Granting plaintiff leave to

2    amend in this instance would be futile.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir.

3    2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint

4    without leave to amend is proper only if it is absolutely clear that the deficiencies of the

5    complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United*

6    *States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if

7    no request to amend the pleading was made, unless it determines that the pleading could not be

8    cured by the allegation of other facts.").

9    Accordingly, IT IS ORDERED that this action is dismissed pursuant to 28 U.S.C.

10   § 1915A(a) and the Clerk is directed to close the case.

11   DATED:  February 4, 2014.

13   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

3